IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| **KELLY BROWN,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | Case No.: <u>3:10-CV-00895</u> |
| v. | ) | |
| | ) | **Judge Haynes** |
| **CAREHERE, LLC,** | ) | **Magistrate Judge Bryant** |
| | ) | |
|     **Defendant.** | ) | **Jury Demanded** |

### [~~PROPOSED~~] INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d), the parties respectfully submit the following Initial Case Management Plan:

**I.**     <u>**Jurisdiction and Venue:**</u>

Plaintiff Kelly Brown ("Plaintiff") filed this action alleging violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et. seq.* Jurisdiction is not disputed.

Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391. Venue is not disputed.

**II.**     <u>**Status of Service of Process and Responsive Pleadings:**</u>

Service of Process has been obtained on the Defendant CareHere, LLC ("Defendant"). On October 18, 2010, Defendant filed an Answer to Plaintiff's Complaint denying all liability.

**III.**     <u>**Parties' Theories of the Case:**</u>

    **A.**     <u>**Plaintiff's Theory of the Case:**</u>

Plaintiff began her employment with Defendant in February, 2008 in an administrative capacity. Plaintiff's job responsibilities with Defendant included routine and repetitive clerical work, including data entry, data processing, purchasing office materials such as pens and paper,

and other routine work. Plaintiff did not exercise discretionary power over significant matters, had no meaningful input into company policy, and did not manage and/or direct the work of other employees of Defendant.

Throughout Plaintiff's employment with Defendant, she was routinely required to perform and did in fact perform on a regular basis work for the Defendant in excess of 40 hours per week.

At the beginning of her employment, Defendant misclassified Plaintiff as exempt under the FLSA and thus avoided paying her overtime compensation to which she was entitled. On or around June, 2008, Defendant reclassified Plaintiff as non-exempt, thus compensating her on an hourly basis and making her eligible for overtime pay. After her reclassification, Plaintiff regularly worked well in excess of 40 hours per week and amassed a significant amount of overtime pay, for which she was compensated by Defendant.

On September 24, 2008, Defendant's Chief Financial Officer requested a meeting with Plaintiff to discuss, among other things, "the possibility of moving you [Plaintiff] back to salary taking into account OT." Thereafter, Defendant intentionally and willfully misclassified Plaintiff as an exempt employee under the FLSA, thus depriving her of overtime compensation to which she was entitled. Plaintiff objected to this misclassification and, upon information and belief, Defendant was fully aware, through the completion of an internal audit performed by Defendant, that Plaintiff should have been classified as non-exempt under the FLSA.

After being wrongfully classified for the second time, Plaintiff continued to regularly work in excess of 40 hours per week and was not paid overtime by the Defendant.

Plaintiff voluntarily resigned from the Defendant's employ on July 14, 2010.

Plaintiff seeks all unpaid overtime compensation to which she is entitled, an amount equal to such unpaid overtime compensation as liquidated damages, and reasonable attorney's fees and costs incurred in prosecuting this action.

**B.      Defendant's Theory of the Case:**

CareHere is a Brentwood-based limited liability company that specializes in providing on-site health care services to employers. CareHere sets up and operates medical clinics at its clients' facilities where workers can seek on-site health care, including wellness and case management services. One of CareHere's most important assets is its proprietary Health Risk Assessment program, which is powered by a proprietary invention called "LabInsight." LabInsight is a method CareHere invented that allows it to process and interpret data from a patient's medical laboratory results, draw conclusions from the data, and present those conclusions to the patient in an easy to understand, color-coded, graphic format. In addition, LabInsight allows CareHere to produce aggregate reports that allow physicians and employers to detect trends and target major health concerns across the employer's entire population of workers. LabInsight is a core business technology that is exclusive to CareHere, that goes to the very heart of CareHere's business, and that gives CareHere a strategic advantage over its competitors. CareHere has invested significant time and resources in developing and improving its Health Risk Assessment program, including its LabInsight invention, since the company's founding in 2004, and has taken reasonable steps to protect its confidentiality.

Plaintiff Kelly Brown was first employed by CareHere on February 12, 2008, as an Administrative Coordinator. During her employment with CareHere, Ms. Brown had a broad range of job responsibilities, including managing and collaborating in efforts to enhance CareHere's Health Risk Assessment program and LabInsight invention, and functioning as the *de*

*facto* office manager of CareHere's corporate office for portions of her tenure. Ms. Brown managed CareHere's Health Risk Assessment program and worked with its LabInsight invention on a daily basis. Ms. Brown also collaborated with CareHere's President, Ernie Clevenger, who spent hundreds of hours working with her to improve the LabInsight invention. As a result, Ms. Brown gained intimate knowledge of every aspect of the LabInsight invention, including its strengths and weaknesses. CareHere's senior management is convinced that Ms. Brown has sufficient knowledge of its LabInsight invention and supporting processes to allow her to duplicate most or all of its functions if she were to work in collaboration with a software programmer.

Ms. Brown was properly classified as a salaried, exempt employee by CareHere in accordance with the federal Fair Labor Standards Act (the "FLSA"). Ms. Brown unilaterally reclassified herself as a nonexempt employee at one point during her employment. She made this change unilaterally and without the knowledge or permission of CareHere's management. When CareHere's management discovered that Ms. Brown had taken this unauthorized and self-serving action, it reversed her action and again classified her as a salaried, exempt employee, in full compliance with the FLSA.

CareHere denies all of Ms. Brown's allegations in this lawsuit and believes Ms. Brown has filed this lawsuit to give her leverage in a pending lawsuit that CareHere filed against her earlier this year in Tennessee state court in Williamson County, in which CareHere is seeking to enforce a noncompete covenant that Ms. Brown has violated and to prevent her from disclosing and misappropriating CareHere's confidential information.

## IV. Schedule of Pretrial Proceedings:

### A. Rule 26(a)(1) Disclosures:

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within 10 days from the date of the Initial Case Management Conference.

### B. Meeting of Counsel and Parties to Discuss Settlement Prospects:

The parties participated in a voluntary mediation on November 29, 2010. Despite the good faith negotiations of the parties, an amicable resolution to this case was not achieved.

### C. Other Pretrial Discovery Matters:

As determined at the case management conference on December 6, 2010, this action is set for a jury trial on **December 6, 2011** at **9:00 a.m**. If this action is to be settled, the law Clerk shall be notified by Noon on 12/2/10. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held on **November 21, 2011** at **3:00 p.m**. A proposed pretrial order shall be submitted at the pretrial conference.

By the close of business on April 15, 2011, the Plaintiff shall declare to the Defendant (not to file with the Court) the identity of her expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on May 16, 2011, the Defendant shall declare to the Plaintiff (not to file with the Court) the identity of its expert witness and shall provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by June 16, 2011.

All discovery shall be completed by March 31, 2011. All written discovery shall be submitted in sufficient time so that the response shall be in hand by March 1, 2011. All discovery related motions shall be filed by April 8, 2011.

All dispositive motions and Daubert motions shall be filed by July 18, 2011, and any response thereto shall be filed by August 15, 2011. Any reply shall be filed by August 29, 2011.

**D.     Discovery and Motion Procedures:**

1.     The parties do no now anticipate any counterclaims or amendments to the pleadings. Any motion to amend the pleadings or joinder of parties, however, shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

2.     Discovery is not stayed during dispositive motions or any other motion, unless ordered by the Court.

3.     No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place. The attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and submit a jointly signed discovery/protective order dispute statement setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

4.     Interrogatories (pursuant to Rule 33 of the Federal Rules of Civil Procedure) shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court, shall govern.

5. No memorandum in support or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court or permitted by the Court in advance of the filing of the reply. Strict compliance with Rule 56.01, Local Rules of Court, relating to motions for summary judgment is required.

6. In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. The expert witness report required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

7. Electronic Discovery: Within ten (10) days of the Case Management Conference, the parties will meet and discuss how electronically stored information ("E-Discovery") will be handled in this case. Absent an agreement or order of the Court, the Court's Administrative Order No. 174 shall apply to E-Discovery in this case.

**IT IS SO ORDERED.**

*s/ John S. Bryant*
**JOHN S. BRYANT**
**UNITED STATES MAGISTRATE JUDGE**

Approved for Entry:

 /s/ Michael D. Hornback
James C. Bradshaw III (BPR#13170)
Michael D. Hornback (BPR#22128)
**WYATT, TARRANT & COMBS, LLP**
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203
Telephone: (615) 244-0020
Facsimile: (615) 256-1726
(jbradshaw@wyattfirm.com)
(mhornback@wyattfirm.com)

*Counsel for Plaintiff Kelly Brown*


 /s/ Lawrence S. Eastwood, Jr.
Lawrence S. Eastwood, Jr. (BPR#16071)
Ben H. Bodzy (BPR#23517)
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ**
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Telephone: (615) 726-5600
(leastwood@bakerdonelson.com)
(bbodzy@bakerdonelson.com)

*Counsel for Defendant CareHere, LLC*


45408426.1